IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
NORTHERN DIVISION
No. 2:13-CV-62-F

TROY D. PETTY and wife,  )
ANNAH A. PETTY,  )
                Plaintiffs,  )
v.  )    **ORDER**
MARVIN LUMBER AND CEDAR  )
COMPANY, t/a MARVIN WINDOW  )
AND DOORS,  )
                Defendant.  )

This matter is before the court on the Motion to Dismiss [DE-10] filed by Defendant Marvin Lumber and Cedar Company, t/a Marvin Window and Doors ("Marvin" or "Defendant"). Plaintiffs Troy D. Petty and Annah R. Petty ("Pettys" or "Plaintiffs") have responded, and Marvin has replied. For the reasons stated below, the motion is ALLOWED, and Plaintiffs' claims are DISMISSED without prejudice to file an amended complaint within 21 days.

**I. STATEMENT OF THE CASE**

Plaintiffs initiated this action by filing a complaint in the North Carolina General Court of Justice, Superior Court Division, Dare County, on September 19, 2013 [DE-1-1]. Therein, Plaintiffs assert claims for breach of contract, breach of express warranty, breach of implied warranty of merchantability, and breach of implied warranty of fitness for a particular purpose. Marvin was served with process on September 25, 2013, and timely filed a notice of removal [DE-1] in this court on October 22, 2013, on the basis of diversity of citizenship jurisdiction. Thereafter, Marvin filed

the instant motion to dismiss.

## II. STATEMENT OF THE FACTS

The facts as alleged in the Complaint are as follows. Plaintiffs are owners of certain real property ("the Property") located in Manteo, North Carolina, which was constructed during 2008 and 2009. Compl. [DE-1-2] ¶¶ 1-2. In July 2008, Plaintiffs purchased fifty-eight (58) Marvin Intergrity double hung windows and twenty-three (23) matching transom windows from Marvin for approximately $40,000. *Id.* ¶ 5. As part of the purchase, Marvin provided a Ten Year Limited Warranty. *Id.* ¶ 6; Resp. to Mot. to Dismiss, Ex. A [DE-14-1].

A certificate of occupancy was issued for Property in June 2009, and Plaintiffs took occupancy of the Property that same month. Compl. [DE-12] ¶¶ 8-9. Over a year later, on September 3, 2010, Plaintiffs first began to notice problems with the window purchased from Marvin; specifically, "the windows in the office and north upstairs bedroom in the Property began to leak after a storm event." *Id.* ¶¶ 10-11. Plaintiffs allege that the builder of the Property and a representative of Marvin met and performed leak tests on different occasions, and that the leak tests showed that the windows leaked. *Id.* ¶¶ 14-16. Marvin serviced the windows on May 2 and 3, 2011, in an attempt to remedy the leak. *Id.* ¶ 17. The windows leaked again in June 2012 and October 2012. *Id.* ¶¶ 18-19.

## III. STANDARD OF REVIEW

On a motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6), a court must determine the legal sufficiency of the complaint. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). In so doing, the court assumes the truth of all facts alleged in the complaint and the existence of any fact that can be proved, consistent with the

2

complaint's allegations. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). However, the "'[f]actual allegations must be enough to raise a right to relief above the speculative level' and have 'enough facts to state a claim to relief that is plausible on its face.'" *Wahi v. Charleston Area Med. Ctr., Inc.*, 562 F.3d 599, 616 n.26 (4th Cir. 2009) (citing *Twombly*, 550 U.S. at 555 (2007)). Moreover, although the court draws all reasonable factual inferences in a plaintiff's favor, the court is not obligated to accept a complaint's legal conclusions drawn from the facts. *Iqbal*, 129 S.Ct. at 1949-50. Nor must the court accept as true "unwarranted inferences, unreasonable conclusions, or arguments." *Giarratano v. Johnson*, 521 F.3d 298, 301-02 (4th Cir. 2008)(quotations omitted). "In deciding whether a complaint will survive a motion to dismiss, a court evaluates the complaint in its entirety, as well as documents attached or incorporated into the complaint." *E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc.*, 637 F.3d 435, 559 (4th Cir. 2011).

Ordinarily, resolution of defenses such as the statute of limitations is not appropriate when ruling on a Rule 12(b)(6) motion to dismiss, which only tests the legal sufficiency of the complaint itself. *Goodman v. Praxair, Inc.*, 494 F.3d 458, 464 (4th Cir. 2007). However, if facts sufficient to rule on the defense are alleged in the complaint, a court may reach the defense at the Rule 12(b)(6) stage. *Id.* But the Fourth Circuit has cautioned that the court may only do so "in the relatively rare circumstance" where "all facts necessary to the affirmative defense 'clearly appear[ ] *on the face of the complaint.*'" *Id.* (quoting *Richmond, Fredericksburg & Potomac R.R. v. Forst*, 4 F.3d 244, 250 (4th Cir.1993)).

## IV. ANALYSIS

Marvin argues that each of Plaintiffs' claims must be dismissed pursuant to Rule 12(b)(6) because they are barred by the statute of limitations. The court examines each claim in turn,

3

beginning with Plaintiffs' claims for breach of express warranty and breach of implied warranties.

## A.     Breach of Warranty Claims

The parties appear to agree that the four-year statute of limitations set forth in N.C. Gen. Stat. § 25-2-725 governs Plaintiffs' claims for breach of express and implied warranties. That statute provides, in relevant part:

> (1) An action for breach of any contract for sale must be commenced within four years after the cause of action has accrued. By the original agreement the parties may reduce the period of limitation to not less than one year but may not extend it.
> (2) A cause of action accrues when the breach occurs, regardless of the aggrieved party's lack of knowledge of the breach. A breach of warranty occurs when tender of delivery is made, except that where a warranty explicitly extends to future performance of the goods and discovery of the breach must await the time of such performance the cause of action accrues when the breach is or should have been discovered.
> . . .
> (4) This section does not alter the law on tolling of the statute of limitations nor does it apply to causes of action which have accrued before this chapter becomes effective.

*Id.* The parties disagree, however, as to when Plaintiffs' claims for breach of warranties accrued, and whether the statute of limitations has been tolled on those claims.

Marvin argues that the statute of limitations on Plaintiffs' warranty claims began to run when the windows were delivered to them, a time that was no later than June 2009. Accordingly, Marvin argues that Plaintiffs' warranty claims became time-barred in June 2013, prior to the initiation of this lawsuit. Plaintiffs, however, contend that their causes of action accrued when they discovered the breach, pursuant to operation of the exception in N.C. Gen. Stat. § 25-2-725(2).

Whether Plaintiffs' warranty claims accrued upon the delivery of the windows, or upon Plaintiffs' discovery of the alleged defects, depends upon whether the "warranty explicitly extends to future performance of the goods and discovery of the breach must await the time of such

4

performance" within the meaning of N.C. Gen. Stat. § 25-2-725(2). The express limited warranty in this case states:

> Your Integrity products are warranted to be free from defects in manufacturing, materials and workmanship. If such a defect appears during the term of this warranty, Integrity will, at its option (1) repair the defective product, (2) replace the defective materials or (3) refund your purchase price. If replacement is elected, Integrity will not be responsible for the installation or refinishing of replacement parts.
> This limited warranty is valid for ten (10) years from the date your Integrity product was originally purchased and is subject to the further Conditions and Exclusions set forth below. . . .
>
> . . .
>
> **THE FOREGOING WARRANTY IS IN LIEU OF ALL OTHER WARRANTIES EXPRESS OR IMPLIED, AND NO PERSON (INCLUDING ANY AGENT, EMPLOYEE, DEALER, DISTRIBUTOR OR OTHER REPRESENTATIVE) IS AUTHORIZED TO MAKE ANY OTHER REPRESENTATION OR WARRANTY CONCERNING THIS PRODUCT. THIS WARRANTY IS NOT A WARRANTY OF FUTURE PERFORMANCE BUT ONLY A WARRANTY TO REPAIR/REPLACE OR REFUND.**

Resp. to Mot. to Dismiss, Ex. A [DE-14-1].

No opinion from the North Carolina Supreme Court addresses when a warranty explicitly extends to future performance of the goods.[1] Relying in part on a North Carolina Court of Appeals decision, *Haywood Street Redevelopment Corporation, Inc. v. Harry S. Peterson, Co., Inc.*, 120 N.C. App. 832, 463 S.E.2d 564 (1995), Plaintiffs argue that the language in the first paragraph in the warranty constitutes a warranty of future performance under North Carolina law. In *Haywood*, the

---

[1] A federal court sitting in diversity must apply the law of the highest court of the state in which the suit was brought. *See Private Mortgage Inv. Servs., Inc. v. Hotel & Club Assocs., Inc.*, 296 F.3d 308, 312 (4th Cir. 2002). If cases from the North Carolina Supreme Court fail to provide an answer, this court must predict how North Carolina's highest court would rule if presented with this issue. *Id.* In so predicting, the court may consult decisions from the North Carolina Court of Appeals, the state's intermediate appellate court, for guidance. *See id.* (noting that decisions of the state's intermediate appellate court "constitute next best indicia of what state law is"). The court may also consider "restatements of the law, treatises, and well considered dicta." *Id.*

5

North Carolina Court of Appeals determined that where a warranty in a service contract provided that waterproofing would "be free of [certain] defects" for a period of five years, it was "in the nature of a prospective warranty, in that it guarantees the future performance of the waterproofing for a state period of time." *Id.* at 836, 463 S.E.2d at 566.[2]

If the first paragraph was the only language in the express warranty, this court would be inclined to agree with Plaintiffs. Given the language later in the express warranty, however, stating **"THIS WARRANTY IS NOT A WARRANTY OF FUTURE PERFORMANCE BUT ONLY A WARRANTY TO REPAIR/REPLACE OR REFUND,"** the court cannot say that the North Carolina Supreme Court would find that the warranty explicitly extends to future performance of the goods within the meaning of N.C. Gen. Stat. § 25-2-725(2). Although that court has not considered the precise issue, other courts faced with language similar have found the seller has not provided a warranty of future performance, but rather "the specification of a remedy for the product's failure to be free from defect." *Allen v. Anderson Windows*, 913 F. Supp. 2d 490, 502 (S.D. Ohio 2012) (finding that a warranty did not extend to future performance where it stated that "[a]ll non-glass portions of the windows and patio doors are warranted to be free from defects in manufacturing, materials, and workmanship for a period of ten (10) years from the date of first purchase" and that during the time of warranty, the seller "may elect to either repair or replace any defective [] product for you" or "may elect to refund your original purchase); *see also Schwatka v. Super Millwork, Inc.*, 965 N.Y.S.2d 547, 106 A.D.3d 897 (2d Dept. 2013) (explaining that where the subject warranty "guaranteed that if any defect in manufacturing, materials or workmanship occurred within 10 years,

---

[2] Although the cause of action in *Haywood* did not arise under the UCC, the North Carolina Court of Appeals cited N.C. Gen. Stat. § 25-2-725 in support of its finding that the warranty extended to future performance.

then the product would be repaired or replaced, or the purchase price refunded" the trial court "properly determined that the warranty did not extend to future performance"). Given that courts traditionally construed the future performance exception narrowly, *see, e.g. Sellon v. General Motors Corp.*, 571 F. Supp. 1094, 1098 (D. Del. 1983), this court predicts that the North Carolina Supreme Court would do the same. Moreover, considering the entirety of the language of the limited warranty in this case, and not just the language in the first paragraph, this court predicts that the North Carolina Supreme Court would not find that warranty explicitly extends to future performance under N.C. Gen. Stat. § 25-2-275.[3]

Accordingly, the court finds the statute of limitations on Plaintiffs' implied warranty claims and their express warranty claim, to the extent they are based on Marvin's failure to deliver windows free from defects, began to run at the latest in June 2009. Accordingly, Plaintiffs' claims for breach of warranties, filed in September 2013, are time-barred, unless for some reason the statute of limitations was tolled. *See* N.C. Gen. Stat. § 25-2-725(3) ("This section does not alter the law on tolling of the statute of limitations."). The North Carolina Court of Appeals has stated that "[a] statute of limitations is tolled during the time the seller endeavors to make repairs to enable the product to comply with a warranty." *Haywood*, 120 N.C. App. at 837, 463 S.E.2d at 567. It is unclear from the allegations in the complaint the length of time, if any, Marvin "endeavor[ed] to make repairs to enable the product to comply with a warranty." Plaintiffs plainly considers the "leak tests" performed by Marvin, and possibly the times when representatives of Marvin inspected the windows,

---

[3] Additionally, with regard to Plaintiffs' breach of implied warranty claims, courts are in almost uniform agreement that "no implied warranties" fall within the "future performance" exception because "by their very nature, they never 'explicitly extend to future performance.'" *Standard Alliance Indus. v. Black Clawson Co.*, 587 F.2d 813, 820 (6th Cir. 1978). This court sees no reason why the North Carolina Supreme Court would diverge from this reasoning.

7

in addition to the time span between any repair and subsequent leaks, to constitute part of the tolling period. The allegations in the complaint lack factual detail to enable the court to reach the same conclusion.

Accordingly, Plaintiffs warranty claims are DISMISSED without prejudice. The court recognizes that it may be possible for Plaintiffs to allege sufficient facts to support timely, plausible breach of warranty claims.[4] *See Cozzarelli v. Inspire Pharm., Inc.,* 549 F.3d 618, 630 (4th Cir. 2008) (dismissal with prejudice is proper if there is no set of facts the plaintiff could present to support his claim). Consequently, Plaintiffs' claims for breach of warranties are dismissed without prejudice to Plaintiffs to file an amended complaint within 21 days of the filing date of this order. If Plaintiffs do file an amended complaint, Marvin may file an answer or other responsive motion within the time period allowed by the Federal Rules of Civil Procedure and this court's Local Rules.[5]

## B. Breach of Contract

The court also concludes that Plaintiffs' claim for breach of contract is untimely, and it too will be dismissed without prejudice.

Plaintiffs allege that Marvin breached the contract to provide windows by "providing

---

[4] The court has discretion to grant a motion to dismiss with or without prejudice. *Felder v. Buonassissi, Henning & Lash, PC*, No. PJM 13-741, 2013 WL 5550947, at *3 (D. Md. Oct. 4, 2013); *St. Clair v. Banker Steel Co.,* No. 6:06CV00042, 2007 WL 45785, at *3 (W.D.Va. Jan.5, 2007). "[T]he purpose of pleading is to facilitate a proper decision on the merits." *Swierkiewicz v. Sorema N.A.,* 534 U.S. 506, 514 (2002).

[5] Plaintiffs allege in the complaint that "despite demand" the windows have not been repaired. Compl. ¶ 21 [DE-1-1]. The complaint does not, however, appear to assert a claim for breach of the warranty to repair, replace or refund. *Cf. Allen,*913 F. Supp. 2d at 504 (determining that where the plaintiff did not limit the express warranty claim to failure to deliver windows free from defects but also alleged that defendant failed to honor the terms of the warranty to replace or repair, plaintiff stated a claim for breach of the warranty to repair or replace). Nothing in this order precludes Plaintiffs from attempting to assert such a claim in an amended complaint.

8

windows that were defective, permitted the entry of water, and otherwise damaged the Property." Compl. [DE-1-1] ¶ 26. The parties appear to somewhat dispute which statute of limitations governs Plaintiffs' breach of contract claims. Marvin asserts that like the breach of warranty claims, N.C. Gen. Stat. § 25-2-725 provides the applicable statute of limitations. Plaintiffs entertain that possibility, but also assert that the three-year statute of limitations in N.C. Gen. Stat. § 1-52 applies to their claim for breach of contract. The court finds that Plaintiffs' breach of contract claim is untimely under either statute.

Under North Carolina law, when a plaintiff alleges a claim where " a defect in property is an essential element of the cause of action," the three year statute of limitations found in N.C. Gen. Stat. § 1-52 applies. *Bernick v. Jurden*, 306 N.C. 435, 444-45, 293 S.E.2d 405, 411-12 (1982). Accordingly, where a plaintiff alleged "that its insured sustained damages to his real property as a result of a defect in the air conditioning unit manufactured by defendant," and the "loss sought to be recovered is the damage to real property and not just an action to recover the value or replacement of the" allegedly defective product, "the applicable limitation period was three years under [N. C. Gen. Stat.] §1-52." *Hanover Ins. Co. v. Amana Refrigeration, Inc.*, 106 N.C. App. 79, 82, 415 S.E.2d 99, 101 (1992). That statute of limitations, however, also provides that a cause of action for personal injury or physical property damage "shall not accrue until bodily harm to the claimant or physical damage to the property becomes apparent or ought reasonably to have become apparent to the claim, whichever event first occurs." N.C. Gen. Stat. § 1-52(16). Plaintiffs' breach of contract claim accrued, therefore, when Plaintiffs knew, or should have known, about the allegedly defective nature of the windows. *See Pembee Mfg. Corp. v. Cape Fear Constr. Co., Inc.*, 313 N.C. 488, 493, 329 S.E.2d 350, 354 (1985). Here, the allegations in the complaint make clear that Plaintiffs knew, or

9

should have known, about the allegedly defective nature of the windows on or about September 3, 2010, when the windows first leaked. Compl. [DE-1-1] ¶¶ 10-13. Accordingly, when this action was filed on September 19, 2013, the statute of limitations had run on Plaintiffs' breach of contract claim, absent the tolling of the statute of limitations. As is the case with Plaintiffs' breach of warranty claims, the complaint contains insufficient allegations to invoke the equitable tolling doctrine with regard to the breach of contract claim. *See Town of Pineville v. Atkinson/Dyer/Watson Architects, P.A.*, 114 N.C. App. 497, 500, 442 S.E.2d 73, 74-75 (1994) (explaining that "a plaintiff who seeks to obtain equitable tolling of a limitations period must show that the misrepresentations he reasonably relied upon were made by the party raising the defense").[6]

Similarly, even if the four-year statute of limitations set forth in N.C. Gen. Stat. § 25-2-725 applies to Plaintiffs' breach of contract claim, the claim is deemed to have accrued, at the latest, in June 2009, rendering Plaintiffs' claim untimely absent a showing justifying equitable tolling. Plaintiffs' allegations are insufficient to invoke that doctrine.

Accordingly, Plaintiffs' breach of contract claim is DISMISSED without prejudice to Plaintiffs to file an amended complaint within 21 days of the filing date of this order. If Plaintiffs do file an amended complaint, Marvin may file an answer or responsive motion within the time period allowed by the Federal Rules of Civil Procedure and this court's Local Rules.

## V. CONCLUSION

For the foregoing reasons, Marvin's Motion to Dismiss [DE-10] is ALLOWED, and

---

[6] The same analysis is applicable to Plaintiffs' breach of warranty claims, to the extent that N.C. Gen. Stat. § 1-52 applies.

10

Case 2:13-cv-00062-F   Document 16   Filed 09/04/14   Page 10 of 11

Plaintiffs' claims are DISMISSED without prejudice to Plaintiffs to file an amended complaint within 21 days of the filing date of this order. If Plaintiffs do not file an amended complaint within that time period, the Clerk of Court is DIRECTED to close the case without further order from the court. If Plaintiffs do, however, file an amended complaint, Marvin may file an answer or responsive motion within time period allowed by the Federal Rules of Civil Procedure and the Local Civil Rules of this court.

SO ORDERED.

This the 4th day of September, 2014.

*James C. Fox*
James C. Fox
Senior United States District Judge