IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
NORTHERN DIVISION

No. 2:13-CV-00062-F

| | |
|---|---|
| TROY D. PETTY and wife,<br>ANNAH A. PETTY,<br><br>Plaintiffs,<br><br>v.<br><br>MARVIN LUMBER AND CEDAR<br>COMPANY, t/a MARVIN WINDOWS<br>AND DOORS,<br><br>Defendant. | **ORDER** |

This matter is before the court on Defendant's Motion to Dismiss Plaintiffs' First Amended Complaint [DE-18] filed by Defendant Marvin Lumber and Cedar Company, t/a Marvin Windows and Doors (hereafter "Marvin" or "Defendant"). Plaintiffs Troy D. Petty and Annah R. Petty (hereafter "Pettys" or "Plaintiffs") have responded, and Marvin has replied. For the reasons stated below, the motion is DISMISSED with prejudice.

I. **STATEMENT OF THE CASE**

Plaintiffs initiated this action by filing a complaint in the North Carolina General Court of Justice, Superior Court Division, Dare County, on September 19, 2013 [DE-1-1]. Therein, Plaintiffs asserted claims for breach of contract, breach of express warranty, breach of implied warranty of merchantability, and breach of implied warranty of fitness for a particular purpose. Defendant was served with process on September 25, 2013, and timely filed a notice of removal [DE-l] in this court on October 22, 2013, on the basis of diversity of citizenship jurisdiction. Defendant moved to dismiss,

claiming that the action was barred by the statute of limitations [DE-10]. On September 4, 2014, this court granted Defendant's motion to dismiss without prejudice, and Plaintiff was given twenty-one (21) days to file an amended complaint [DE-16]. Plaintiff filed an amended complaint on September 24, 2014, asserting claims identical to those contained in their original complaint [DE-17]. Defendant filed the instant motion to dismiss [DE-18] on October 8, 2014.

## II. STATEMENT OF THE FACTS

The facts as alleged in the Amended Complaint are as follows. Plaintiffs own certain real property ("the Property") in Manteo, North Carolina, which was constructed during 2008 and 2009. Compl. [DE-1-2] ¶¶ 1, 4. In July of 2008, Plaintiffs purchased fifty-eight (58) Marvin Integrity double hung windows and twenty-three (23) matching transom windows from Defendant. *Id.* ¶ 5. Defendant provided a Ten Year Limited Warranty with the purchase. *Id.* ¶ 6.

A certificate of occupancy was issued and Plaintiffs began occupying the Property in June 2009. *Id.* ¶¶ 8–9. On September 3, 2010, Plaintiffs noticed that the Marvin windows leaked after a storm. *Id.* ¶¶ 10–11. Plaintiffs notified the builder of the Property. *Id.* ¶ 12. The builder and a representative of Defendant met at the Property and performed leak tests, which revealed that the Marvin windows leaked. *Id.* ¶ 13–16. Defendant serviced the windows on May 2 and 3, 2011, in an attempt to remedy the leak. *Id.* ¶ 17. In addition to leaking, the windows also showed cracking on the exterior finish. *Id.* ¶ 26. During the summer of 2011, Defendant attempted to repair the cracking. *Id.* ¶ 27. The Marvin windows leaked again in June and October of 2012. *Id.* ¶ 28–29. On November 15, 2012, the builder performed another leak test, which showed that the windows continued to leak. *Id.* ¶ 30.

## III. STANDARD OF REVIEW

In reviewing a motion to dismiss for failure to state a claim under Rule 12(b)(6), a court considers the sufficiency of the complaint—whether it contains "sufficient factual matter, accepted as true, to

2

'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The court assumes the truth of all facts alleged in the complaint and the existence of any fact that can be proved, consistent with the complaint's allegations. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Nonetheless, although the court draws all reasonable factual inferences in the plaintiff's favor, the court is not bound to accept the plaintiff's legal conclusions. *Wahi v. Charleston Area Med. Ctr., Inc.*, 562 F.3d 599, 615 n.26 (4th Cir. 2009). Nor must the court accept as true "unwarranted inferences, unreasonable conclusions, or arguments." *Giarratano v. Johnson*, 521 F.3d 298, 301–02 (4th Cir. 2011). In evaluating a motion to dismiss under Rule 12(b)(6), a court "evaluates the complaint in its entirety, as well as documents attached or incorporated into the complaint." *E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc.*, 637 F.3d 435, 448 (4th Cir. 2011).

Typically, affirmative defenses will not be resolved by a ruling on a Rule 12(b)(6) motion to dismiss, which tests only the legal sufficiency of the complaint. *Goodman v. Praxair, Inc.*, 494 F.3d 458, 464 (4th Cir. 2007). In the "relatively rare circumstance[ ]," however, where "all facts necessary to the affirmative defense 'clearly appear[ ] *on the face of the complaint*,'" the court may reach the defense at the Rule 12(b)(6) stage. *Id.* (quoting *Richmond, Fredericksburg & Potomac R.R. v. Forst*, 4 F.3d 244, 250 (4th Cir. 1993)).

## IV. ANALYSIS

Defendant argues that Plaintiffs' amended complaint fails to cure the fatal flaw in the action—that it is time-barred by the statute of limitations. Def's Mt. to Dismiss Mem. of Law [DE-19] at 2. Despite Plaintiffs' attempts to bolster the factual details of their allegations, Defendant argues that Plaintiffs' pleading is insufficient to demonstrate the tolling of the statute of limitations that would be required for the case to be considered timely. *Id.* This court agrees.

3

Plaintiffs' amended complaint is nearly identical to Plaintiffs' original complaint [DE-1-1], save for the addition of ten paragraphs containing additional factual allegations. *See* Am. Compl. [DE-17] ¶¶ 18–27. These additional allegations detail the damage to the Property but do little to address the core problem of the timing of the complaint, noted by this court in its September 4, 2014 order [DE-16]. Because Plaintiffs' amended complaint does not alter the timeline of their original complaint, *see* Compl. [DE-1-1], this court's conclusions and rationale are unchanged regarding when the causes of action accrued and the statute of limitations applicable to each.

**A. Breach of Warranty Claims**

As discussed in this court's September 4, 2014 order, the four-year statute of limitations set forth in N.C. Gen. Stat. § 25-2-725 governs Plaintiffs' claims for breach of express and implied warranties. Order [DE-16] at 4. These claims accrued, at the latest, in June of 2009. *Id.* at 7. Thus, Plaintiffs' breach of warranty claims became time-barred in June of 2013.

In North Carolina, "[a] statute of limitations is tolled during the time the seller endeavors to make repairs to enable the product to comply with a warranty." *Haywood St. Redevelopment Corp. v. Harry S. Peterson, Co.*, 463 S.E.2d 564, 567 (N.C. Ct. App. 1995). However, it is up to the plaintiff to plead facts giving rise to equitable tolling. *See Town of Pineville v. Atkinson/Dyer/Watson Architects, P.A.*, 442 S.E.2d 73, 74–75 (N.C. Ct. App. 1994) (explaining that "a plaintiff who seeks to obtain equitable tolling of a limitations period must show that the misrepresentations he reasonably relied upon were made by the party raising the defense").

Here, Plaintiffs' amended complaint fails to allege the length of time Defendant "endeavor[ed] to make repairs to enable the product to comply with [the] warranty." *Haywood*, 463 S.E.2d at 567. Plaintiffs refer to leak tests and inspections conducted by Defendants, as well as repairs made during the summer of 2011, but they do not specify how long these assessments and repairs took. [DE-17]

4

¶¶ 13–17, 23, 27. Nor do Plaintiffs detail any representations by Defendants which might have induced the delay in filing. In short, Plaintiffs have not alleged facts sufficient to invoke the doctrine of equitable tolling.

Accordingly, Plaintiffs' breach of warranty claims are dismissed with prejudice.

### B. Breach of Contract Claim

As this court's previous order explains, Plaintiffs' breach of contract claim is time-barred under either the three-year statute of limitations found in N.C. Gen. Stat. § 1-52 or the four-year statute of limitations found in N.C. Gen. Stat. § 25-2-725, absent equitable tolling. Order [DE 16] at 8–10. As is the case with Plaintiffs' breach of warranty claims, the amended complaint contains insufficient allegations to invoke the equitable tolling doctrine with regard to the breach of contract claim.

Accordingly, Plaintiffs' breach of contract claim is dismissed with prejudice.

### V. CONCLUSION

For the foregoing reasons, Defendant's Motion to Dismiss Plaintiffs' First Amended Complaint is ALLOWED, and Plaintiffs' claims are DISMISSED with prejudice.

SO ORDERED.

This the __11'__ day of September, 2015.

*James C. Fox*
James C. Fox
Senior United States District Judge